**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | | |
|---|---|---|
| In re: DAVID SCOTT CAMPBELL, | ) | Case No. 10-60197-LYN |
| | ) | |
| Debtor, | ) | |
| | ) | |
| MARK H. DEAN and STACY L. DEAN, | ) | Adv. No. 10-06110 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID SCOTT CAMPBELL and DAVID | ) | |
| S. CAMPBELL CONSTRUCTION | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

**MEMORANDUM and ORDER**

This matter comes before the court on a motion by Mark H. Dean and Stacy L. Dean ("the Plaintiffs") to amend their complaint as initially filed in the above-styled adversary proceeding

David Scott Campbell ("the Defendant") opposes the motion.

## *Jurisdiction*

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(A). This Court may enter a final order.

## *Facts*

Pre-petition, the Defendant was the principal and sole shareholder of Campbell Construction Company ("Campbell Construction"), a Virginia corporation. On or about March 28, 2005, the Plaintiffs and Campbell Construction entered into a contract pursuant to which Campbell Construction promised to build a house for the Plaintiffs in return for $1,351,500.00. On April 9, 2009, the Plaintiffs filed a complaint initiating an action sounding in breach of contract, fraud, and conversion ("the State Court Claims") against Campbell Construction and the Defendant in the Circuit Court for Albemarle County. The Defendant and Campbell Construction filed a counter-claim ("the State Court Counterclaim").

On January 27, 2010, the Defendant filed the above-styled Chapter 7 petition. The Defendant scheduled the State Court Counterclaim as an asset of the bankruptcy estate with a value of $300,000.00 and claimed it exempt in the amount of $1.00. The Defendant also disclosed the lawsuit in his answer to Question 4 of his Statement of Financial Affairs. The Defendant did not, however, list the Plaintiffs as creditors in Schedule F. Nor did he include the Plaintiffs in the creditors' matrix. Consequently, the Plaintiffs were not notified of the filing of the petition.

Also on January 27, 2010, a notice issued from the clerk of the bankruptcy court that gave notice to all creditors that the first meeting of creditors would be held on February 19,

2010, and that the last date to file a complaint objecting to the entry of discharge would be April 20, 2010.  The Plaintiffs did not receive notice of the filing of the petition or the scheduling of the first meeting of creditors because the Defendant did not schedule the Plaintiffs' claim or include them on the creditors' matrix.

On March 25, 2010, the Defendant filed a notice with the Albemarle County Court that he had filed a bankruptcy petition.  The notice did not disclose when the Defendant had filed the petition.

On July 20, 2010, the Plaintiffs filed a motion to extend the time to file a complaint objecting to the dischargeability of the debt arising from their claim ("the Motion to Extend Time").   The matter came on for hearing on September 3, 2010, and this court granted the motion by order ("the Order Granting the Motion to Extend Time").  On September 7, 2010, the Plaintiffs filed the above-styled adversary proceeding under 11 U.S.C. § 523(a)(2),(4)&(6) ("the Original Complaint").

The Defendant appealed the Order Granting the Motion to Extend Time to the United States District Court for the Western District of Virginia ("the District Court").  The District Court vacated that order on the grounds that a complaint brought under 11 U.S.C. § 523(a)(2),(4)&(6) must be filed no more than sixty days after the date first set for the first meeting of creditors.  The District Court specifically did not rule on whether the compliant, if amended to include a cause of action under 11 U.S.C. § 523(a)(3)(B), would have been timely filed.  The District Court remanded the matter to this court.

On March 15, 2011, the Plaintiffs filed an amended complaint that includes a cause of action under 11 U.S.C. § 523(a)(3)(B).   Also on that date, the Plaintiffs filed a motion to amend

the complaint.   The Defendant filed an opposition to the motion to amend and the matter came on for hearing and argument.

## *Discussion*

A debtor who files a Chapter 7 petition is generally entitled to an order of discharge from the bankruptcy court that discharges all of the debtor's debts that arose before the order for relief. 11 U.S.C. § 727(a)-(b).  If the debtor files a voluntary petition, the filing of the petition constitutes the order for relief.  11 U.S.C. § 301(b).  Under certain circumstances, the bankruptcy court will not file an order of discharge and none of the debtor's debts will be discharged.  See 11 U.S.C. § 727(a).

Under certain other circumstances, the debtor will receive a discharge, but one or more of the debtor's debts will be excepted from discharge.  See 11 U.S.C. § 523(a).  With three exceptions, a cause of action under Section 523(a) may be brought at any time.  See Fed.R.Bankr.P.  4007(b).  A debt arising under 11 U.S.C. §§ 523(a)(2) ("false pretenses, a false representation, or actual fraud"), 523(a)(4) ("fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny"), or 523(a)(6) ("willful and malicious injury") will be discharged unless the court determines that such debt should be excepted under one of those paragraphs.  11 U.S.C. § 523(c).  An action under Section 523(c) must be brought within sixty days of the date first set for the meeting of creditors required under 11 U.S.C. § 541. Fed.R.Bankr.P.  4007(c).

Section 523(a)(3)(B) provides an exception to the deadline provided by Section 523(c) and Rule 4007(c).   It provides that:

> A discharge under  section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not

4

>     discharge an individual debtor from any debt–
>> . . .
>> (3) neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, *in time to permit–*
>>> . . .
>>> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and *timely request for a determination of dischargeability of such debt* under one of such paragraphs, *unless such creditor had notice or actual knowledge of the case in time for such timely filing and request* . . .

(Emphasis added.) To paraphrase, Section 523(a)(3)(B) provides that a creditor may file an objection to the discharge of a debt of the kind found in Section 523(a)(2), (4) or (6) if the debtor did not schedule the creditor as required by Section 521(a) and if the creditor did not have notice or actual knowledge of the case in time to timely file a complaint objecting to the dischargeability of the debt.

In the case at bar, the Plaintiffs initially filed the Original Complaint under Section 523(a),(2),(4) & (6) but did so after the bar date set by Rule 4007(c). Accordingly, the Original Complaint cannot be prosecuted as filed because it was not timely filed. The Plaintiffs have now filed a motion to amend the complaint and have filed an amended complaint ("the Amended Complaint") under Section 523(a)(2)(B). Both parties have not only treated the motion as a motion to amend, but also as a countermotion by the Defendant to dismiss this adversary proceeding based on the argument that the original complaint was not timely filed under Section 523(a)(3)(B). It is appropriate to consider the issue of whether the Plaintiffs may amend the complaint and the issue of whether the amended complaint was timely filed because both issues have been joined by the parties and because the parties have now argued the second issue on two separate occasions.

5

A.

The first issue before the court is whether the complaint may be amended to include a cause of action under Section 523(a)(3)(B).  A party may amend its pleading with the court's leave and the court should freely give leave when justice so requires.  Fed.R.Civ.P. 15 as made applicable in adversary proceedings by Fed.R.Bankr.P. 7015.

The primary concern when considering a motion to amend a pleading is whether the opposing party will be prejudiced if the moving party is granted leave to amend.  See Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).  The fact that the amended complaint may be a determining factor in the suit is not in and of itself prejudicial.  In this instance, the amended complaint does not prejudice the Defendant.  The amended complaint does not contain any new allegations of fact.  The amended complaint only requires the application of known law to previously alleged facts.  The motion to amend will be granted.

B.

The Plaintiffs may file a complaint under Section 523(a)(3)(B) and avoided the deadline promulgated under Section 523(c) and Rule 4007(c) if the Defendant did not schedule them as required by Section 521(a) and if the Plaintiffs did not have actual knowledge of the case in time to timely file a complaint under Sections 523(a)(2), (4) and (6).  There is no dispute that the Defendant never scheduled the Plaintiffs as creditors in this case. The issue, then, become whether the Plaintiffs obtained actual knowledge of the filing of the petition in time to file a complaint under 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6).

There are two lines of reasoning concerning the test that is to be used to make such a

determination. Under the first line of opinions, courts require that the creditor receive actual notice of the filing of the petition at least thirty days before the deadline to file a complaint under Section 523(a)(2), (4), or (6). Under the second line of opinions, courts do not imposed a thirty-day deadline, but rather consider the facts in each case. In each instance, the holding hinges on the interpretation of Rule 4007(c), which provides in relevant part that "[t]he court shall give all creditors no less than 30 days' notice of the time" of the "first date set for the meeting of creditors under § 341(a)."

Under the first line of reasoning courts hold that a creditor who has not been given at least thirty days notice of the deadline to file a complaint under Section 523(a)(2), (a)(4), or (a)(6) have not been given notice that would permit that creditor to file a timely complaint. See, e.g., Manufacturers Hanover v. Dewalt (In re Dewalt), 961 F.2d 848 (9th Cir. 1992) and Penrose v. Shaheen (In re Shaheen), 174 B.R. 424 (E.D.Va. 1994).

In Dewalt, the creditor became aware that the debtor had filed a bankruptcy petition nine days before the Rule 4007(c) deadline. The court agreed with those courts that have held that the 30-day notice provision of Rule 4007(c) provides a guide to the minimum time within which it is reasonable to expect a creditor to act at penalty of default. The Court held that the Bankruptcy Appellate Panel's "holding that if a creditor, acting under ideal circumstances and with the utmost of diligence, could have filed for an extension of time before the bar date, the creditor's late complaint would be barred" . . . "unfairly punishes creditors, holding them to the highest standards of diligence in a situation *caused by negligence of a debtor,* and rewarding the debtor, in effect, for negligent filing." Dewalt, 961 F.2d at 850 (Emphasis added.). The Court went on to note that thirty-days notice of the filing is a minimum and that enlargement of that

7

time period may be appropriate in extraordinary circumstances, such as when the creditor is not represented by counsel.  Dewalt, 961 F.2d at 851.

In Shaheen, the debtor did not schedule the creditor until November 17, 1993.  The deadline to file a complaint under Section 523(a)(2), (4), or (6) was November 29, 1993.  The creditor filed a complaint on December 3, 1993.  The bankruptcy court held that the creditor did not receive notice in time to permit him to file a timely complaint under Section 523(a)(6).  The United States District Court considered the plain meaning of Rule 4007(c) and agreed with the bankruptcy court.

> Statutory interpretation requires a court to adhere to the plain meaning of the statute and to endeavor to give effect to all sections and words. In re Maxway Corp., 27 F.3d 980, 982 (4th Cir.1994) ("Statutory interpretation necessarily begins with an analysis of the language of the statute"); Hurley v. United States, 192 F.2d 297, 300 (4th Cir.1951) ( "Statutes must be interpreted to give meaning to every portion thereof"). The second sentence of Rule 4007(c) mandates that a creditor receive thirty days notice before the bankruptcy court may foreclose his right to participate in the process. Fed.R.Bankr.P. 4007(c). Usually, creditors who are informed of the initial creditor's meeting receive more than thirty days notice of the filing deadline. Those creditors do not need the protection offered by the second sentence of Rule 4007(c). However, creditors without notice of the initial meeting, who are later appended to the debtor's petition, must receive some adequate notice of the filing deadline before the bankruptcy court discharges the debtor's obligations to them.
>
> In order for the second sentence of Rule 4007(c) to have meaning, the thirty day requirement necessarily applies to those later scheduled creditors, such as [the creditor in Shaheen], who received notice less than thirty days before the original sixty day deadline for filing complaints. Strict adherence to the sixty day deadline would render the thirty day notice requirement meaningless in certain instances. This Court simply cannot ignore the plain and clear notice requirement in the second sentence of Rule 4007(c) to enforce the sixty day deadline contained in the first sentence of that Rule. Importantly, granting a minimum of thirty days notice to all creditors still gives effect to the sixty day deadline for the initial creditors and any creditor added more than thirty days before the sixty day deadline.

Shaheen, 174 B.R. at 427.

This Court agrees with the reasoning in Shaheen. Every statute must be interpreted to give meaning to each part thereof. In order for the second sentence of Rule 4007(c) to have meaning, creditors who do not receive notice of the filing of the petition from the debtor must have at least thirty days actual notice of the filing of the petition.

The other line of reasoning simply ignores the language in Rule 4007(c) that requires the court to provide 30 days notice of the deadline for filing a complaint under Section 523(c). See, e.g., In re Bateman, 254 B.R. 866 (Bankr. Md. 2000) and Grossie v. Sam (In re Sam), 894 F.2d 778 (5th Cir. 1990).

In Bateman, the creditor received notice 26 days before the bar date. The court considered the language in Rule 4007(c) and reasoned that it was a vestigial organ of the Bankruptcy Rules that was only present because, under the Bankruptcy Act of 1898, the court was required to set a bar date for filing objections to the dischargeability of debts. The court reasoned that the requirement served no purpose under the current code because the bar date is set by statute. The problem with this reasoning is that it expressly declines to give meaning to the second sentence in Rule 4007(c), thereby ignoring the directive of the Fourth Circuit Court of Appeals.

In Sam, the Fifth Circuit Court of Appeals came to the same conclusion. The opinion in Sam was built on the reasoning in Neeley v. Murchison, 815 F.2d 345 (5th Cir. 1987). In Neeley, the creditor received notice of the filing of the petition when the case was filed, but the notice did not contain the date by which a complaint under Section 523(a)(2), (a)(4), or (a)(6) must be filed. The bankruptcy clerk's office informed counsel for the creditor that no deadline had been set to file complaints under Section 523(a)(2), (a)(4), and (a)(6). The creditor argued that he

never received notice of the deadline as required by Rule 4007(c). The Court concluded that Section 523(c), which rule 4007(c) modifies,

> . . . places a heavy burden on the creditor to protect his rights: a debt of the type presented here is automatically discharged unless the creditor requests a determination of dischargeability. The one narrow exception to this rule incorporates a duty-to-inquire approach to notice issues. Under § 523(a)(3)(B), a debt is not automatically discharged if the debtor fails to schedule the creditor and the creditor had no notice or actual knowledge of the case in time to file a claim and a request for determination of dischargeability. Thus, in cases such as this one, it would be inconsistent with the scheme of § 523 to require technical compliance with the notice provision of Rule 4007: this would place the creditor who has written notice of the bankruptcy (albeit deficient notice under the Rule) in a better position than the unlisted creditor whose debt is discharged under § 523(c) if he merely learns of the bankruptcy proceeding in time to protect his rights.

Neeley, 815 F.2d at 347. In Neeley, the creditor had notice of the filing of the petition at the beginning of the case. The issue was whether the creditor's Constitutional right to notice was abridged because he did not received notice of the deadline from the clerk of the bankruptcy court. The second sentence of Rule 4007(c) was not relevant to the decision in Neeley.

In Sam, the creditor had actual knowledge of the filing of the petition eighteen days before the deadline under Rule 4007(c) and filed the complaint after the deadline. The debtor moved to dismiss the complaint. The creditor argued that dismissal was not appropriate because he did not receive thirty days notice and because he had not received due process under the United States Constitution. The Sam Court relied on Neeley in dismissing the Constitutional argument. The court then noted that the purpose of the deadline in Rule 4007(c) is to "promote the expeditious and efficient administration of bankruptcy cases" and that "technical compliance with Rule 4007(c)'s requirement that the creditor receive thirty days notice of the bar date frustrates the expeditious and efficient administration of cases in the bankruptcy court and is

unnecessary to provide adequate notice." Sam, 894 F.2d at 781.

The opinion in Sam also declined to give any meaning to the relevant sentence in Rule 4007(c). As noted by the Shaheen court, "[b]asically, the In re Sam opinion disregards the thirty day notice requirement contained in Rule 4007(c). See In re Sam, 894 F.2d at 781." Shaheen, 474 B.R. at 428. The Court in Sam simply ignored the second sentence of Rule 4007(c).

In the case at bar, the deadline for filing objections to the dischargeability of debts under Rule 4007(c) was April 20, 2010. The Plaintiffs first became aware that the Defendant had filed a bankruptcy petition on or after March 25, 2010, the date on which the Defendant filed a Notice of the Bankruptcy and Automatic Stay with the Clerk of the Circuit Court of Albemarle County. The Plaintiffs had notice of the bankruptcy case no more than twenty-six days before the deadline to file an adversary complaint under Section 523(a)(2), (a)(4), or (a)(6). The Plaintiffs did not receive thirty days notice. It is concluded that they did not receive notice of the case in time to timely file a complaint under Section 523(a)(2), (a)(4), or (a)(6). The motion to amend will be granted. The countermotion to dismiss will be denied.

## *ORDER*

The Plaintiffs' motion to amend the above-styled adversary proceeding shall be, and hereby is, granted. The countermotion of the Defendant to dismiss this adversary proceeding shall be, and hereby is, denied.

So ORDERED.

Upon entry of this memorandum and order the Clerk shall forward copies to David W. Thomas, Esq., and C. Connor Crook, Esq.

Entered on this  5th  day of July, 2011.

_____
William E. Anderson
United States Bankruptcy Judge